UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMIE OWEN NIX,

        Plaintiff,                            Case No. 1:23-cv-320

v.                                                Honorable Paul L. Maloney

DAN ABBOTT et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.**      **Factual Allegations**

Plaintiff is presently incarcerated at the Van Buren County Jail in Paw Paw, Michigan. The events about which he complains occurred there. Public records indicate that Plaintiff is facing

four pending charges: two counts of failing to pay child support and two counts of obstruction of justice. *See* https://inmateroster.vanburencountymi.gov/ (last visited Apr. 4, 2023). Plaintiff sues Sheriff Dan Abbott and Undersheriff Kevin Conklin.

Plaintiff alleges that Defendant Abbott authorized medical staff to "refuse [Plaintiff's] medical insurance and only accept cash for any and all medical services." (ECF No. 1, PageID.3.) Plaintiff alleges further that he is charged "per dose" for his medications. (*Id.*) He also faults Defendants for "keep[ing] 100% of all money deposited into [his] account, [which keeps him] indigent and unable to purchase [hygiene] items." (*Id.*) Plaintiff claims that he did not receive indigent hygiene items for seven days because he had a deposit in his account, even though he contends that those funds were taken. (*Id.*) Plaintiff was then charged for the indigent kit, "racking up more debt." (*Id.*)

Plaintiff also takes issue with the $12.00 booking fee and "over [$]30.00 a day [for] housing," which he contends he "never agreed to." (*Id.*) Plaintiff alleges that if booking fees are not paid, "a warrant gets issued to [i]ncarcerate [him] again[, causing him to accrue] more debt through fines and court costs." (*Id.*) Plaintiff avers this practice "creates a debt[o]r[']s prison." (*Id.*) He alleges he has been "wrongfully [i]ncarcerated many times over this." (*Id.*)

Based on the foregoing, the Court construes Plaintiff's complaint to assert Fourteenth Amendment due process claims premised upon the various financial obligations imposed upon Plaintiff, as well as the failure to provide indigent hygiene items for seven days. Plaintiff seeks return of the "funds that were stolen from [him]," as well as damages for "wrongful imprisonment [for] all the times [this] has happened over the last 25 years." (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Challenges to Financial Obligations

The Court has construed Plaintiff's complaint to assert Fourteenth Amendment due process violations premised upon various financial obligations imposed by Defendants at the Van Buren County Jail. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, (2) a deprivation of that interest, and (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Plaintiff has a protected property interest in his money. *See Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001). As discussed below, however, none of Plaintiff's challenges rise to the level of a due process violation.

Plaintiff first takes issue with the fact that Defendants have authorized medical personnel to charge cash for medical services instead of billing Plaintiff's medical insurance. (ECF No. 1, PageID.3.) Plaintiff also contends that he is charged for doses of his medications. (*Id.*) The United States Court of Appeals for the Sixth Circuit, however, has held that "it is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004); *see also Bailey*, 15 F. App'x at 251 (affirming the district court's dismissal of an inmate's claims challenging nominal medical fees charged by the jail); *Kaplan v. Mich. Dep't of Corr.*, No. 1:11-cv-255, 2013 WL 1289524, at *13 (W.D. Mich. Mar. 8, 2013) (noting that the plaintiff "was not unconstitutionally deprived of his property by being charged for medical services which he actually received"), *report and recommendation adopted*, 2013 WL 1289520 (W.D. Mich. Mar. 26, 2013). Nowhere in Plaintiff's complaint does Plaintiff suggest that he was denied medications

4

or medical care based on his inability to pay. Plaintiff's due process challenge to medical fees therefore fails to rise to the level of a due process violation.

Plaintiff also takes issue with the fact that he had to pay for the indigent kit. It is clear from Plaintiff's complaint, however, that he "received the indigent pack for which he was charged." *See Whitaker v. Thornton*, No. 3:13-cv-P859-M, 2014 WL 585323, at *4 (W.D. Ky. Feb. 14, 2014). Plaintiff, therefore, received a benefit from that charge and cannot maintain a due process claim premised upon such.

Plaintiff also faults Defendants for imposing a $12.00 booking fee, as well as imposing "over [$]30.00 a day [for] housing." (ECF No. 1, PageID.3.) The Sixth Circuit, however, has held that due process is not violated when funds are withheld from an inmate's account for purposes of paying booking and housing costs. *See Sickles v. Campbell Cnty.*, 501 F.3d 726, 730–32 (6th Cir. 2007); *see also Jones v. Clark Cnty.*, 666 F. App'x 483, 486 (6th Cir. 2016) (affirming dismissal of inmate's allegation that a jail had billed him for the costs of his incarceration without prior process, concluding that mere billing does not implicate due process rights); *Browder v. Ankrom*, No. 4:05-cv-P9-M, 2005 WL 1026045, at *6 (W.D. Ky. Apr. 25, 2005) (concluding that "inmates who are assessed a housing or per diem fee pursuant to a statute or policy are not 'truly deprived of their property' because such monies are deducted in exchange for services rendered or goods provided"). Plaintiff, therefore, cannot maintain a due process claim premised upon Defendants' imposition of booking and housing fees at the Van Buren County Jail.

**B.     Delayed Receipt of Indigent Kit**

The Court has also construed Plaintiff's complaint to assert a due process claim premised upon his allegation that he could not receive an indigent kit for seven days. (ECF No. 1, PageID.3.)

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate

5

indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020)).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. *Kingsley*, 576 U.S. at 392–93. *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner*, 14 F.4th at 592.

Subsequently, in *Brawner*, the Sixth Circuit "modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness." *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth

Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 597 (quoting *Castro v. City of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted).

*Brawner*, however, "left the [objective] prong untouched." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Under that prong, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth [or Fourteenth] Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Here, Plaintiff's inability to obtain an indigent kit for seven days falls well short of an objectively serious deprivation. *See, e.g.*, *Matthews v. Murphy*, No. 90-35458, 1992 WL 33902, at *4 (9th Cir. Feb. 25, 1992) (holding that an inmate's allegations that he was deprived of a towel, toothbrush, toothpowder, comb, soap, and other personal hygiene items for approximately 34 days did not rise to the level of a constitutional violation); *Crump v. Janz*, No. 1:10-cv-583, 2010 WL 2854266, at *4 (W.D. Mich. July 19, 2010) (concluding that the denial of toothbrush and toothpaste for 34 days constituted a mere temporary inconvenience); *Robertson v. McRay*, No. 03-22823,

7

2006 WL 2136691, at *7 (S.D. Fla. July 28, 2006) (finding that the failure to provide indigent kits containing hygiene items and envelopes, stamps, and paper more than half the time over a two-year period did not violate the Eighth Amendment); *Fernandez v. Armstrong,* No. 3:02CV2252CFD, 2005 WL 733664, at *5–6 (D. Conn. Mar. 30, 2005) (concluding that the denial of toothpaste, toothbrush, shampoo and soap for 16 days did not rise to the level of an Eighth Amendment violation where plaintiff did not allege any physical effects or injuries); *Holder v. Merline,* No. Civ. A. 05-1024 RBK, 2005 WL 1522130, at *6 (D.N.J. June 27, 2005) (finding that a three-week deprivation of a toothbrush and sneakers did not implicate the Eighth Amendment where no physical effects resulted). Furthermore, Plaintiff's complaint is devoid of allegations suggesting that he suffered harm from the temporary denial of an indigent kit. *See James v. O'Sullivan*, 62 F. App'x 636, 639 (7th Cir. 2003) (recognizing that a 49-day deprivation of soap, toothbrush and toothpaste may impair basic levels of sanitation and hygiene only if prisoner health and safety is jeopardized); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (holding that a 69-day denial of toothpaste may constitute a constitutional deprivation if plaintiff had to be treated by a dentist for bleeding and receding gums and tooth decay). Plaintiff's Fourteenth Amendment due process claim premised upon the temporary denial of an indigent kit will, therefore, be dismissed.

### C. "Wrongful Incarceration"

Plaintiff seeks damages for "wrongful imprisonment [for] all the times [this] has happened over the last 25 years." (ECF No. 1, PageID.4.) It is unclear whether Plaintiff refers to any periods of time when he was imprisoned after being convicted of an offense. To the extent he is referring to such periods of time, an individual cannot assert a cognizable claim for damages under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she shows that the conviction or

sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted). Plaintiff does not claim that any such prior convictions have been overturned. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal for failure to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (holding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal would be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882–83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)).

Plaintiff may also be challenging his current detention for the pending obstruction of justice and failure to pay child support charges noted above. Plaintiff, however, cannot challenge the legality of that detention in a civil rights action pursuant to § 1983. Instead, a pretrial detainee must challenge his or her pretrial detention by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Any challenges to the legality of Plaintiff's current detention will, therefore, be dismissed without prejudice to Plaintiff's right to assert such challenges via a § 2241 petition.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourteenth Amendment due process claims premised upon his challenges to the various financial obligations imposed by Defendants at the Van Buren County Jail, as well as upon Plaintiff's delayed receipt of an indigent kit, will be dismissed with prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Any claims seeking damages for prior periods of incarceration imposed after Plaintiff was

9

convicted of an offense will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Finally, any claims challenging the legality of Plaintiff's present detention will be dismissed without prejudice to Plaintiff's right to assert such claims via petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   April 5, 2023                                  /s/ Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge